UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES – GENERAL

| | | | |
|---|---|---|---|
| Case No. | 2:25-cv-09172-MCS-AS | Date | November 6, 2025 |
| Title | Soto v. Gen. Motors LLC | | |

Present: The Honorable  Mark C. Scarsi, United States District Judge

| Stephen Montes Kerr | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:** (IN CHAMBERS) ORDER RE: MOTION TO REMAND (ECF NO. 15) (JS-6)

On April 9, 2025, Plaintiff Armandina Soto initiated this action against Defendant General Motors LLC in the Los Angeles County Superior Court by filing a complaint that asserts claims under the federal Magnuson-Moss Warranty Act ("MMWA") and the California Song-Beverly Consumer Warranty Act ("SBA"). (*See generally* Compl., ECF No. 1-1.) Defendant removed the case to federal court on September 25, 2025, invoking the Court's diversity jurisdiction. (Notice of Removal 2–6, ECF No. 1.)

Plaintiff filed a motion to remand the case to state court. (Mot., ECF No. 15.) Defendant filed a brief opposing the motion. (Opp'n, ECF No. 16.) The Court deems the motion appropriate for decision without further briefing or oral argument and vacates the hearing set for November 24, 2025. Fed. R. Civ. P. 78(b); C.D. Cal. R. 7-15.

A defendant may remove a civil action brought in state court to a federal district court with original jurisdiction over the action. 28 U.S.C. § 1441(a). Federal courts "have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

A party may move to remand a case to state court within 30 days after the filing of a notice of removal "on the basis of any defect other than lack of subject matter jurisdiction." 28 U.S.C. § 1447(c). An "untimely removal is a procedural defect" that may justify such a remand motion. *Maniar v. Fed. Deposit Ins. Corp.*, 979 F.2d 782, 784 (9th Cir. 1992).

As relevant here, where "the initial pleading set[s] forth" a claim that provides a ground for removal, the removal must be accomplished "within 30 days after the receipt by the defendant" of a copy of the pleading. 28 U.S.C. § 1446(b)(1); *see also id.* § 1446(b)(3) (providing a different deadline "if the case stated by the initial pleading is not removable").

Plaintiff argues that her federal MMWA claim provided a basis for federal-question jurisdiction that was ascertainable from the face of the complaint, so Defendant's removal of the action over 30 days after service was untimely under § 1446(b)(1). (Mot. 4–5; *compare* Yang Decl. ¶ 5, ECF No. 15-1 (indicating Defendant was served on Apr. 11, 2025), *and* Yang Decl. Ex. 1, ECF No. 15-1 (same), *with* Notice of Removal (filed Sept. 25, 2025).) For the reasons set forth in detail in another case between parties represented by the counsel in this case, "this Court subscribes to the position that, for the purposes of § 1446(b)(1), a pleading containing an MMWA claim sets forth a federal claim removable under §§ 1331 and 1441(a) irrespective of whether the amount placed in controversy by the claim is stated or certain on the face of the complaint." *Lopez de Anda v. Gen. Motors LLC*, No. 2:25-cv-07354-MCS-SSC, 2025 U.S. Dist. LEXIS 204419, at *3–4 (C.D. Cal. Oct. 15, 2025) (cleaned up); *see generally id.* at *4–13.

Plaintiff's complaint asserts a federal MMWA claim, which provides a basis for federal-question jurisdiction apparent from the face of the pleading, notwithstanding the lack of allegations clarifying the amount the claim places in controversy. Thus, under § 1446(b)(1), Defendant had to remove the action within 30 days of service of the complaint, which it did not. Because removal was untimely, the case must be remanded.

Plaintiff requests an award of fees and costs incurred due to removal, (Mot. 1), which the Court denies for two reasons. First, Plaintiff failed to comply with the Court's rules governing motions for fees. (Initial Standing Order § 10(d), ECF No. 13.) Second, the Court's position on the dispositive issue is one on which reasonable minds disagree, *see Lopez de Anda*, 2025 U.S. Dist. LEXIS 204419, at *12 n.6, so an award is inappropriate because there was an objectively reasonable basis for

removal, *see Gardner v. UICI*, 508 F.3d 559, 561 (9th Cir. 2007) (citing *Martin v. Franklin Cap. Corp.*, 546 U.S. 132, 141 (2005)).

The motion is granted in substantial part. The Court remands the case to the Los Angeles County Superior Court, No. 25STCV10483. The Court directs the Clerk to effect the remand immediately and close the federal case.

**IT IS SO ORDERED.**